<div style="margin-right">1811.

Peter
vs
Schley</div>

---

### PETER vs. SCHLEY's Lessee.

<div style="margin-right">JUNE.

A lease by the grantee of a tract of land for a part thereof, on the 22d June 1765, to J B. for 71 years, at the annual rent of 5*l*, who on the 11th of April 1775, assigned the lease to J H for 60 years at the annual rent of 100*l* until the 24th March 1779, and 50*l* for one year commencing the 24th March 1780, and a pepper corn annually for the residue of the term, with a clause of re-entry, &c and a covenant to pay the rents or vacate the premises, &c. and a covenant to pay the original lessee the rent of 5*l* during the term. J H, entered in 1775, and continued until 1780, and then left the premises. J R was in possession on 26th of</div>

ERROR to *Frederick* County Court. Ejectment to recover a leasehold interest in a tract of land called *Lost and Found*. Defence was taken on warrant, and plots were made.

1. At the trial the plaintiff, (now appellee,) read in evidence a grant to *Joseph Beall* for the tract called *Lost and Found*, containing 85 acres, dated the 23d of April 1748, and also a grant to said *Beall* for a tract called *Choice Improved*, containing 649 acres, dated the 8th of November 1752, and also a lease from the patentee for part of said lands to *John Beall*, dated the 22d June 1765, and a lease from *John Beall* to *Jacob Harman*, dated the 1st day of April 1775. The last lease was as follows: "*Frederick* county, in *Maryland*, to wit. This indenture, made the eleventh day of April in the year of our Lord seventeen hundred and seventy-five, between *John Beall* of the one part, and *Jacob Harman*, millwright, of the

February 1785, claiming under the lessor of the plaintiff; and 330*l* being unpaid to J B, he then entered &c. under the lease of the 11th of April 1775, and possession was given up to him by J R. On the 13th of April 1791, J B leased to the defendant, who entered on the premises, improved the same, and paid taxes, &c ever since. *Held*, that it was optional in J H to pay the stipulated rent according to the lease, or to vacate the premises. The interest which J H had in the lease could not be vacated, or transferred to J B, by the facts stated. His interest in the land being for a term exceeding seven years, could not be transferred by him otherwise than in the way prescribed by the act of 1766, *ch* 14, and no acts *in pais* were competent to that purpose. His liability to pay the rent would continue until some act was done by him legally operative to vacate the premises.

Where the facts stated were not, in the opinion of the court, a vacation of the premises, the power of the court is not to be transferred to the jury to make a legal deduction from the evidence, contrary to the opinion expressed by the court on those facts.

other part, both residents of the county and province afore-
said, witnesseth, that the said *John Beall* and *Jacob Har-
man*, for and in consideration of the rent, services and
covenants, herein after mentioned, contained, and to be
performed on the part and behalf of the said *John Beall*
and *Jacob Harman*, their executors, administrators and
assigns, he the said *John Beall*, for himself, his heirs, exe-
cutors and administrators, hath demised, leased and to farm
let, and by these presents doth demise, lease and to farm
let, unto the said *Jacob Harman*, his executors, adminis-
trators and assigns, all that tract or part of a tract of land
situate, lying and being in the county and province afore-.
said, upon great *Bennett's* creek, which was demised to
him the said *John Beall* by a certain *Joseph Beall*, for a
term that is yet unexpired, containing one hundred acres
of land more or less, contained within the metes and
bounds expressed in a deed of lease from *Joseph Beall* to
the said *John Beall*, which said lease is enrolled amongst
the land records of *Frederick* county, reference thereunto
being had will more fully and at large appear, together
with all and singular the dwelling-houses, out houses, pas-
tured enclosures, easements, and appurtenances whatever,
hereby leased, transferred and conveyed, by these pre-
sents, for and during the term of sixty years from August
next, commencing from the 24th day of March last past;
yielding and paying for the same, during the said term
hereby demised, unto the said *John Beall*, his executors,
administrators and assigns, yearly and every year, com-
mencing from the aforesaid twenty-fourth day of March
last past, the annual rent following, to wit, the sum of
one hundred pounds common currency for every year un-
til twenty-fourth day of March, which will be in the year
of our Lord seventeen hundred and seventy-nine, and the
sum of fifty pounds common currency for one year's rent
commencing the twenty-fourth day of March seventeen
hundred and eighty, and from thence and thenceforth,
until the expiration and completion of the term here-
by demised, the yearly rent of one pepper corn, if the
same should be demanded; and if it shall happen that the
rent before reserved in this indenture of lease, or any
part thereof, should remain unpaid at any time seven
days after the twenty-fourth day of March, which is
the day the annual rent is hereby reserved, payable on the

same, being lawfully demanded, that then and from thenceforth it shall and may be lawful to and for the said *John Beall*, his executors, administrators and assigns, into the said demised premises to re-enter, and the same demised premises, and every part thereof, to have again, hold, possess and enjoy, as in his and their former and proper estate, right, title and interest, and the said *Jacob Harman*, his executors, administrators and assigns, thereout and therefrom to expel and put out; and the said *John Beall* hereby covenants for himself, his heirs, executors, administrators, that he has good right to lease the said land for the term hereby demised; and the said *Jacob Harman* also covenants for himself, his heirs, executors, administrators and assigns, that he will pay the rent reserved at the stipulated time, or vacate the premises. In witness whereof the parties have hereunto interchangeably their hands, and affixed their seals, the date above written. And farthermore, the said *Jacob Harman* engages for himself, his heirs, executors and administrators, to pay unto *Joseph Beall*, his heirs, executors, administrators or assigns, the sum of five pounds currency yearly and every year, from the above date, during the term of the above lease, being the original annual rent.

Sealed and delivered in the presence of *Archd. Boyd*, *Thos. Rice*." { *Jacob Harman*, (seal.) *John Beall*, (seal.

The lease was duly acknowledged and recorded, and was truly located as the claim and pretensions of the plaintiff. He also gave in evidence the admissions of the defendant's counsel, that the said granted and leased lands are truly located on the plots as located by the plaintiff. He further read in evidence letters of administration granted on the estate of said *Harman*, (then dead) to the lessor of the plaintiff, dated the 11th of March 1796. The defendant then offered evidence to prove that *Jacob Harman*, lessee of *John Beall*, entered on the leased land soon after his lease in 1775, and continued on the premises until 1780, and then left the premises, went to *Allegany*, returned to *Frederick* county, and lived off the premises, then went to *Virginia*, and died there, not having legally assigned his interest therein. And that a certain *Ramsower* was in possession of the leased premises, by what title not known, on the 26th February 1785, but claiming

the possession under the lessor of the plaintiff; and that £880 of the rent being unpaid to *John Beall,* he on the evening of that day entered on the premises, demanded payment of his rent in arrear, of *Ramsower,* no other person being in possession, and the same not being paid, he took possession of the premises as his own, under the lease of the 11th April 1775. That no demand of the rent, or any entry was made by the said *John Beall,* or by his authority, before the said 26th day of February 1785. That the said possession was given up to *Beall* by *Ramsower.* The plaintiff then offered evidence to prove, that *Jacob Harman* was in possession of the said lease, claiming under the said lease. That *Benjamin Nichols* went on the land aforesaid after *Harman* left it, claiming, as he said, possession under *Harman,* and that when *Nichols* left the land, *Adam Ramsower* went on it, and staid there until *John Beall* took it, and that after the said *Beall* left it, *John Peter,* deceased, took possession and retained it until his death. The defendant then read in evidence a lease executed by *John Beall* to a certain *John Peter,* for the same land, formerly leased to *Harman,* dated the 13th of April 1791; and further gave in evidence, that the said *John Peter,* in virtue of said lease, entered on and was possessed of the premises from the date of his lease to the time of bringing of this action, without claim, let or molestation, and built and made considerable improvements on the said demised premises; and further, that the assessment and taxes on the land in question were paid, for 1780, by *Benjamin Nichols,* for 1781, by the same person, and for 1782, 1783 and 1784, by the lessor of the plaintiff. But, from the entry made by *John Beall* on the 26th of February 1785, the said *John Beall,* and since his demise to *Peter,* the said *Peter,* hath paid all taxes and county charges arising due on said premises; and further, that *John Peter* the defendant, is son and devisee of *John Peter,* assignee of *John Beall.* The defendant then prayed the opinion of the court, and their direction to the jury, that if they find that *Harman,* the lessee of the premises, left the same in or before the year 1780, leaving the sum of £880 rent due and in arrear, and removed out of the state, not having legally assigned or transferred his interest, and died out of the state, and that *John Beall* afterwards, in 1785, entered on the premises, and demanded of a certain *Ramsower* living thereon, the

rents due, and none was paid to him, and that he then took possession of the same, and afterwards leased them to *John Peter*, who entered thereon, and made valuable improvements thereon, and that no claim or demand of the premises was made by *Harman* until after his death, the same was demanded by his representative, the lessor of the plaintiff—that such acts of *Harman*, nonpayment of rent, removal out of the state, and non-assignment of the lease and entry of *Beall*, amount to an abandonment and vacation of the lease by *Harman*, and the plaintiff is not entitled to recover. Which opinion and direction the court, [*Buchanan*, Ch. J. and *Clagett* A. J.] refused to give. The defendant excepted.

2. The defendant further prayed the opinion of the court, and their direction to the jury, that if the jury find the facts stated on the part of the defendant to be true, that then they are evidence to them of an abandonment and vacation of the lease by *Harman*, according to the stipulation of his covenant. But the court refused to give the direction. The defendant excepted; and the verdict and judgment being for the plaintiff, the defendant brought the present writ of error.

The cause was argued before CHASE, Ch. J. and POLK, NICHOLSON, EARLE, and JOHNSON. J.

*Key*, for the Plaintiff in error, referred to *Co. Litt.* 231, b. 338. 20 *Vin. Ab.* tit. *Surrender*, 139, 137; and *Jackson vs. Demarest*, 2 *Caine's Rep.* 382.

*Shaaff, Taney* and *Warfield*, for the Defendant in error, referred to 3 *Com. Dig.* tit. *Condition*, (A. 6.) 86. *Co. Litt.* 204, 211, 337. b. 6 *Com. Dig.* tit. *Surrender*, (F.) 315. *Rob. on Frauds*, 247, 250, 253, 254, 260. *Mackubin vs. Whetcroft*, 4 *Harr. & M'Hen.* 135; and *Eldridge vs. Knott, Cowp.* 216.

CHASE, Ch. J. delivered the opinion of the court. The court are of opinion, that it was optional in *Harman* to pay the stipulated rent, according to the lease, or to vacate the premises.

The interest which *Harman* had in the lease could not be vacated or transferred to *John Beall* by the facts stated in the bill of exceptions, and offered to be proved by the

defendant. His interest in the land being for a term ex‑ ceeding seven years, could not be transferred by him otherwise than in the way prescribed by the act of 1766, *ch.* 14, and no acts *in pais* were competent to that pur‑ pose. His liability to pay the rent would continue until some act was done by him legally operative to vacate the premises.

As the facts stated were not, in the opinion of the court, a vacation of the premises, the court did right in not trans‑ ferring their power to the jury to make a legal deducti‑ on from the evidence, contrary to the opinion expressed by the court on the same facts.

This court concur in opinion with the court below on both of the bills of exceptions.

JUDGMENT AFFIRMED.